IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

CARLONA PHILLIPS,

   Plaintiff,

v.

SECURITY FINANCE OF TEXAS, LP

   Defendant.

Case No. 4:20-cv-01259

## COMPLAINT

**NOW COMES** CARLONA PHILLIPS, by and through her undersigned counsel, complaining of SECURITY FINANCE OF TEXAS, LP, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act (the "TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

5. CARLONA PHILLIPS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Fort Worth, Texas.

1

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. SECURITY FINANCE OF TEXAS, LP ("Defendant") is a corporation organized and existing under the laws of the state of Texas.

9. Defendant is a lending institution that provides consumers with personal loans.

10. Defendant's principal place of business is located at 3333 W. Camp Wisdom Road, Suite 126, Dallas, Texas 75237.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8871.

14. At all times relevant, Plaintiff's number ending in 8871 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

16. Plaintiff applied for and was issued a personal loan by Defendant in the approximate amount of $500.00.

17. In early 2020, due to unanticipated financial difficulty, Plaintiff fell behind on her loan payments ("subject debt").

18. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

19. In July 2020, Defendant started placing collection calls to Plaintiff in an effort to collect the subject debt.

20. Upon answering Defendant's collection calls, Plaintiff was met by a lengthy period of dead air and was required to say "hello" numerous times prior to being connected to a representative.

21. On July 17, 2020, during a call that Plaintiff answered, Plaintiff discovered that Defendant was attempting to collect the subject debt.

22. Plaintiff advised Defendant that she was in the process of filing for bankruptcy and provided Defendant with her bankruptcy attorney's information.

23. During this phone call, Plaintiff requested that Defendant cease it collection calls.

24. Despite Plaintiff's request that the calls cease, Defendant continued its barrage of collection calls.

25. On July 20, 2020, just a few days after requesting that Defendant cease its collection calls, Defendant called Plaintiff three (3) times in a span of three (3) minutes in an effort to collect the subject debt.

26. Plaintiff again informed Defendant's representatives that she was in the process of filing bankruptcy, provided her bankruptcy counsel's information, and requested that Defendant cease its collection calls.

27. In response, Defendant's representative advised Plaintiff that Defendant was not able to contact Plaintiff's bankruptcy attorney and that Defendant will continue its collection calls.

28. Frustrated by Defendant's refusal to honor her request to cease the harassing collection calls, Plaintiff hung up.

29. On July 31, 2020, Defendant placed at least three collection calls to Plaintiff.

30. Plaintiff answered one call and again requested that Defendant cease its collection calls.

31. Despite Plaintiff's numerous requests that Defendant cease its collection calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone, including calls from the phone number (817) 428-2549.

32. In total, Defendant has placed no less than 25 harassing collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

## **DAMAGES**

33. Defendant's harassing collection calls have severely disrupted Plaintiff's daily life and general well-being.

34. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of her cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

35. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

36. Concerned by the escalation of Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

37. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

38. Defendant placed or caused to be placed no less than 20 non-emergency calls to Plaintiff's cellular telephone, utilizing an automatic telephone dialing system ("ATDS"), without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

39. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

40. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

41. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy period of dead air after the called party speaks into the phone.

42. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions.

43. As pled above, Plaintiff was harmed by Defendant's collection calls to her cellular phone.

44. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

45. Upon information and belief, Defendant has no policies and procedures in place to honor the requests of consumers that the collection calls cease.

46. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

47. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to receive $500.00 in damages for each such violation.

48. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from placing or causing to place further violating calls to Plaintiff;

C. an award of $500.00 in damages to Plaintiff for each such violation;

D. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

> (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

51.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff's cellular phone after Plaintiff repeatedly requested that the collection calls cease and after Plaintiff notified Defendant that she was represented by counsel.

**WHEREFORE**, Plaintiff requests the following relief:

A.   a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.   an order enjoining Defendant from contacting Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.   an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.   an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.   an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 20, 2020                              Respectfully submitted,

**CARLONA PHILLIPS**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com

7